Argued October 22, affirmed November 24, 1975

RANDOL, *Appellant, v.* NEWBERG PUBLIC
SCHOOL BOARD (No. 31468, CA 4675),
*Respondent.*
542 P2d 938

*Michael E. Kohlhoff,* Portland, argued the cause
and filed the brief for appellant.

*George H. Layman,* Newberg, argued the cause and
filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and
THORNTON, Judges.

SCHWAB, C. J.

After being discovered smoking at Newberg High School in violation of the Student Code of Conduct,[1] petitioner was warned by the principal that if she repeated this conduct, she would be expelled. About five weeks later she was discovered smoking on the school grounds. Petitioner was suspended from school pending a hearing on the principal's recommendation of expulsion. A hearing officer agreed with the principal's recommendation, and the Newberg District School Board upheld the hearing officer's decision. In this writ of review proceeding the circuit court affirmed the decision of the Board.

Petitioner's numerous assignments of error on appeal raise two basic questions: (1) did the Board have authority to prohibit use of tobacco on the school premises, and (2) was the proper procedure followed in the proceeding which resulted in expulsion? There is no factual dispute.

In *Neuhaus v. Federico,* 12 Or App 314, 505 P2d 939, Sup Ct *review denied* (1973), we interpreted ORS 339.240, 339.250 and 332.107 together to mean

"* * * that a school board's authority to enact rules governing student conduct is limited to enacting rules that have some reasonable connection with the educational process." 12 Or App at 319.

■ Petitioner argues that to the extent that the

---

[1] The Newberg High School Student Conduct Code provides:
    "XI.   STANDARDS OF CONDUCT
"* * * * *
    "B. The following types of conduct shall make the student liable for discipline and may lead to suspension, expulsion:
"* * * * *
    "6. Tobacco
    "A student shall not * * * use tobacco in any form on any Newberg public school premises or while attending school-sponsored activities * * *."

no-smoking rule applies to open spaces on the school premises there is no connection between the rule and the educational process. We do not agree. Virtually all of the reasons which would justify a smoking prohibition within a school building are equally applicable to a rule barring smoking next to the building. We need consider only one. It is a generally accepted fact that smoking is hazardous to a person's health. An effort to maintain and inculcate habits designed to preserve good health among pupils is a legitimate element of an educational system. Reasonable minds can differ as to whether or not an absolute prohibition against smoking on all school premises will tend to discourage the habit of smoking. However, the choice between absolute or qualified prohibition, or unlimited license is administrative—not judicial.

■ As to the remaining question, the allegedly improper procedures concern only the sanction which was imposed—expulsion. The expulsion took place toward the end of the 1974-75 school year: ORS 339.-250(4) provides:

"Expulsion of a pupil for any cause shall not extend beyond the current term or semester."

Petitioner does not contend that the Board is illegally extending the duration of her expulsion. This issue is moot since, pursuant to ORS 339.250(4), the expulsion has ended.

Affirmed.

THORNTON, J., specially concurring.

I agree with the majority that the defendant school board had the legal authority to adopt the challenged no smoking regulation and to suspend petitioner for violating it.

The majority seems to base its conclusion on the

rationale of *Neuhaus v. Federico,* 12 Or App 314, 505 P2d 939, Sup Ct *review denied* (1973), which I believe to have been incorrectly decided.

Accordingly, I wish to be recorded as concurring here for the reasons expressed in the dissenting opinion in *Neuhaus.*